IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02366-BNB

DWIGHT MCKELVIN SPENCER,

    Applicant,

v.

J. OLIVER, Warden,

    Respondent.

---

ORDER OF DISMISSAL

---

    Applicant, Dwight McKelvin Spencer, was a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary in Florence, Colorado, when he initiated this action by filing *pro se* an "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (ECF No. 1) and a document titled "Notice and Demand to Dismiss for Lack of Criminal Jurisdiction 28 U.S.C. § 1359 FRCP Rules 9(b), 12(b)(1), (2), 12(h)3 and Petition for a Writ of Habeas Corpus Ad Subjuciendum Pursuant to U.S. Const. Art. I § 9 and Title 28 U.S.C. § 2241(g)(2), (3) et seq." (ECF No. 4). On September 8, 2014, Mr. Spencer filed a notice of change of address stating that he had been transferred to the United States Penitentiary in Atwater, California. Although, Mr. Spencer is now housed in California, he was incarcerated at the United States Penitentiary Florence High in Florence, Colorado, at the time he filed his § 2241 application. This Court is, therefore, the appropriate jurisdiction and venue in which to bring the § 2241 application. *See* 28 U.S.C. § 2241(a); *Howard v. U.S. Bureau of*

*Prisons,* 487 F.3d 808, 811 (10th Cir. 2007) (explaining that § 2241 petition is properly filed in the district where the prisoner is confined at the time of the filing).

On August 28, 2014, Magistrate Judge Boyd N. Boland ordered Mr. Spencer to show cause why this action should not be dismissed because he has an adequate and effective remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255. On September 15, 2014, Mr. Spencer filed the following three documents: "Order to Show Cause" (ECF No. 8); "Affidavit for Entry of Objection, Opposes to the Government Order on 8/28/2014" (ECF No. 9); and "Notice and Demand to Dismiss for Lack of Criminal Jurisdiction" (ECF No. 10).

The Court must construe the papers filed by Mr. Spencer liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court may take judicial notice of its own records and files that are part of the Court's public records. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). For the reasons stated below, the Court will dismiss the action for lack of statutory jurisdiction.

In 1997, Mr. Spencer was convicted in the United States District Court for the Northern District of Florida of one count of possession with intent to distribute cocaine base and was sentenced to life in prison. *See United States v. Spencer,* 97-cr-00085-LC-MD-1 (N.D. Fla. Aug. 21, 1997), ECF Nos. 26, 34. On direct appeal, the United States Court of Appeals for the Eleventh Circuit affirmed. *Id.,* ECF No. 60.

On October 20, 2000, Mr. Spencer challenged his conviction and sentence in the

trial court by filing a motion pursuant to 28 U.S.C. § 2255. *Id.*, ECF No. 67. The trial court denied the § 2255 motion and, on June 25, 2002, the Eleventh Circuit denied a motion for a certificate of appealability. *Id.,* ECF Nos. 79, 92. Mr. Spencer continued to file successive motions to vacate, which the trial court denied. *Id.,* ECF Nos. 94, 99, 100, 109, 111, 159, 161. The Eleventh Circuit also continued to deny Mr. Spencer's motions for a certificate of appealability. *Id.,* ECF Nos. 130, 133, 178.

In the instant action, Mr. Spencer does not assert any claims in the body of the Application. In the "Nature of the Case" section, Mr. Spencer asserts:

> Lack probable cause Due to a State search warrant, invalidated State, federal statute, Lack Notice, Jurisdiction over exclusive, territorial Jurisdiction, petitioner commitment, custody, illegal detention, unconstitutional confinement of his unlawful imprisonment all under Due process of law, equal protection, Deprivation of civil rights, Judicial absurdity, 4-14 Amendment violation.

(ECF No. 1 at 2.)

Mr. Spencer then includes 60-pages of attachments and an 86-page handwritten document concerning the arrest and search warrants in connection with his underlying 1997 conviction.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672,

673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

It is clear that Mr. Spencer is challenging the validity of his conviction in this habeas corpus action. Therefore, his claims must be raised in the Northern District of Florida in a motion pursuant to § 2255 unless that remedy is inadequate or ineffective.

Mr. Spencer bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Spencer's claims could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241." *Id.*

In his response to the Order to Show Cause, Mr. Spencer admits that his claims are not based on any new rule of law made retroactive by the Supreme Court. He also admits that his claims are not based on newly discovered evidence. He argues that because he is foreclosed from asserting a second and successive § 2255 application,

4

he should be allowed to raise his claims in this action. As set forth in the Order to Show Cause, the fact that Mr. Spencer may be barred from filing a second or successive § 2255 motion in the sentencing court is not enough, by itself, to demonstrate the remedy provided in § 2255 is inadequate or ineffective. See *Caravalho*, 177 F.3d at 1178; see also *Bradshaw*, 86 F.3d at 166.

Mr. Spencer does not present any reasoned argument with respect to the *Prost* test in his response to Magistrate Judge Boland's show cause order and he fails to demonstrate that his claims could not have been raised in an initial § 2255 motion.

For these reasons, the Court finds that Mr. Spencer fails to demonstrate the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective. Therefore, the application must be dismissed for lack of statutory jurisdiction. See *Abernathy*, 713 F.3d at 557. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. See *Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed for lack of statutory jurisdiction because Applicant fails to demonstrate that the remedy available to him in the sentencing court is inadequate or ineffective. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  18th  day of    September   , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court